UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO: 5:18-CV-115-TBR

WYATT FARMS GREENHOUSE/NURSERY, INC.         PLAINTIFFS
JERRY WYATT
MATT WYATT
GINALEE WYATT

V.

FARM CREDIT ADMINISTRATION             DEFENDANTS
MICHAEL STOKKE

## MEMORANDUM OPINION

This matter is before the Court upon motion by Defendants, Farm Credit Administration and Michael Stokke, to dismiss. (DN 13). On July 2, 2019, the Court granted in part Plaintiffs' motion for extension of time. (DN 17). Pursuant to the Court's order, Plaintiffs were permitted to respond to Defendants' motion to dismiss by July 19, 2019. *Id.* Plaintiffs have chosen not to respond to the motion, and the time to do so has passed. This matter is ripe for review and for the following reasons, Defendants' motion to dismiss (DN 13) is **GRANTED.**

### Background

Plaintiffs filed their *pro se* complaint on July 31, 2018. (DN 1). In their complaint, Plaintiffs allege federal question jurisdiction. *Id.* The form-complaint filed by Plaintiffs instructs them to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." *Id.* at 4. In the space provided under this instruction, the Plaintiffs state "violated Borrow Rights By Not enforcing its own Laws." *Id.* Under the "Statement of Claim" section of the form-complaint, Plaintiffs state "FCA did not enforce its own laws and

protect rights of Borrow." *Id.* at 5. And under the "Relief" section of the form-complaint, Plaintiffs state that they "seek relief for lawyer fees, damage to credit, stress, loss of family farm and others – 2m + punitive damages of 10x." *Id.* at 6. The foregoing is the only content, other than the names of the parties, included in Plaintiffs' complaint. *See id.*

On November 2, 2018, the Court held a telephonic conference and found that Plaintiffs had not yet properly served the Defendants. (*See* DN 7). Because the Plaintiffs are *pro se*, the Court offered guidance on how to properly effectuate service and provided Plaintiffs with pertinent parts of Federal Rules of Civil Procedure Rule 4(i) and 4(l). *Id.* The Court urged the Plaintiffs to familiarize themselves with Rule 4 in its entirety and granted the Plaintiffs until November 20, 2018 to properly serve the Defendants. *Id.*

On November 20, 2018, the Court held another telephonic conference and found that Plaintiff had still not yet properly served the Defendants. (*See* DN 9; DN 16 at 1). The Court again offered guidance on how to effectuate service and granted Plaintiffs additional time to do so. Plaintiff explained that he was attempting to hire an attorney. The Court held another telephonic conference on December 19, 2018 and again Plaintiffs informed the Court that they were trying to find an attorney to take their case. The Court allowed Plaintiffs additional time to effectuate service.

On January 25, 2019, Plaintiff Jerry Wyatt advised the Court that he was scheduled to meet with possible counsel. (DN 11). The Court therefore extended the deadline for Plaintiff to effectuate service. On February 15, 2019, the Court held a telephonic conference that was attended by attorney John David Cole who was reportedly considering representing the Plaintiffs. (DN 12). On March 22, 2019, the Court held another teleconference and learned that Mr. Cole would not be representing the Plaintiffs. (DN 14). On July 2, 2019, the Court instructed Plaintiffs that "**THERE**

**WILL BE NO MORE EXTENSIONS OF TIME.** After July 19, 2019, the Court will take Defendants' motion to dismiss under consideration based on the submissions that are on the record at that time." (DN 17). Plaintiffs have chosen not to respond to Defendants' motion.

**Legal Standard**

In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Civil Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

**Discussion**

Plaintiffs have not responded to Defendants' motion to dismiss and the time to do so has passed. The Court has granted Plaintiffs additional time to respond on multiple occasions. Pursuant to Joint Local Rule of Civil Practice 7.1(c), "[f]ailure to rimely respond to a motion may be grounds for granting the motion." *See also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Paulmann v. Hodgdon Powder Co., Inc.*, No. 3:13-CV-0021-CRS-DW, 2014 WL 4102354, *1-2 (W.D. Ky. Aug. 18, 2014) (holding that plaintiffs failure to respond or otherwise oppose defendant's motion to dismiss established that the plaintiff had waived opposition to the motion). Because Plaintiffs have failed to oppose Defendants' motion to dismiss, they waive opposition to the motion.

Nevertheless, the Court will consider whether Plaintiffs have satisfied the federal pleading standard. In *Iqbal*, the Supreme Court explained that although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. Therefore, it is necessary for a complaint to contain facts that support a plausible claim for relief. Plaintiffs' complaint does not contain any such facts. Under "Statement of Claim," Plaintiffs only assert "FCA Did Not enforce its own Laws And Protect rights of borrow." (DN 1 at 5). This sentence does not state a claim upon which relief can be granted and therefore Defendants' motion to dismiss (DN 13) is **GRANTED**.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss (DN 13) is **GRANTED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 29, 2019

CC:  **AUSA**

CC:  **Wyatt Farms Greenhouse/Nursery Inc.**
     14 Moors Camp Hwy
     Benton, KY 42025
     *Pro Se*

CC:  **Jerry Wyatt**
     983 Moors Camp Hwy
     Benton, KY 42025
     *Pro Se*

CC:  **Matt Wyatt**
     119 Bud Meyers Lane
     Benton, KY 42025
     *Pro Se*

CC:  **Ginalee Wyatt**
     983 Moors Camp Hwy
     Benton, KY 42025
     *Pro Se*